UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CR-00630-JAR |
| ) | |
| ANTJUAN POTTS, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM**

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Nathan L. Chapman, Assistant United States Attorney for said District, and hereby files its sentencing memorandum. For the reasons outlined below, the Government requests as sentence of 288 months.

On August 1, 2024, the Defendant pled guilty to two counts of sexual exploitation of a minor (production of child pornography). Following the Defendant's guilty plea, the United States Probation Office prepared and issued a Presentence Investigation Report ("PSR") and calculated the Defendant's guidelines as 360 months to 720 months imprisonment. (Doc. #37, p. 19).

Considering the Defendant's conduct and the advisory sentencing guideline range, the Government respectfully requests that the Court impose a sentence of 288 months, followed by lifetime supervision. Such a sentence still constitutes a downward variance as requested by the Defendant ("Sentencing Memorandum and Request for a Variance," Doc. #41), but reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the

1

offense.

## ARGUMENT

In *United States v Haack*, 403 F.3d 997 (8th Cir. 2005), the Court of Appeals described the process that the District Court should follow in determining a sentence in light of *United States v. Booker*, 543 U.S. 220 (2005). The Court should first determine the guideline range based upon all enhancements and the defendant's criminal history. Second, the Court should determine if any guideline departures apply. Finally, the Court should determine if the guideline range is reasonable considering all factors listed in Title 18, United States Code, Section 3553(a). *Haack*, 403 F.3d at 1002-1003.

**I.      Title 18, United States Code, Section 3553(a) factors**

Title 18, United States Code, Section 3553(a) lists the following relevant factors for the Court to consider in determining a sentence:

1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

2)   the need for the sentence imposed --
(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3)   the kinds of sentences available;

4)   the kinds of sentences and the sentencing range established for –
(A)   the applicable category of offenses committed by the applicable category of defendant as set forth in the guidelines . . .

2

> 5) any pertinent policy statement –
>
>    (A) issued by the Sentencing Commission . . .
>
> 6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . .

In this case, the application of these factors supports a sentence of 288 months followed by lifetime supervision. The Government highlights some of the pertinent factors in this memorandum.

### (A) The Nature and Circumstances of the Offense and the Nature and Characteristics of the Defendant

As stated in the Guilty Plea Agreement and the PSR, the Defendant is being sentenced for the sexual abuse of Juvenile 1 and Juvenile 2. However, the extended investigation in this case included two additional uncharged victims.

On November 13, 2020, the St. Louis County Police Department took a report from 15-year-old Juvenile 3. According to Juvenile 3, approximately one month prior to the report, she and a friend snuck out of their houses and met up with an individual known as "A.P" (later positively identified by Juvenile 3 as the Defendant). At the end of the night, the Defendant dropped Juvenile 3's friend off at her house first. When dropping Juvenile 3 off, the Defendant told her that she needed to provide payment for the ride. As Juvenile 3 attempted to get out of the vehicle, the Defendant pushed her back into the car. The Defendant told Juvenile 3, "this is how you are going to pay," and proceeded to sexually assault her. During the Defendant's police interview on February 3, 2023, he admitted that he had sexual intercourse with Juvenile 3 as payment for giving her a ride. The Defendant described the encounter as consensual but said that at some point during the sexual intercourse, Juvenile 3 "changed her mind."

On August 18, 2021, the St. Louis County Police Department responded to Mercy Hospital

3

where they took a report from 14-year-old Juvenile 4, who said she had been drugged and sexually assaulted. Juvenile 4 stated that on August 17, 2021, she met with an individual named "Antwon" (later identified as the Defendant) to purchase marijuana. The Defendant took Juvenile 4 to his apartment, where he gave her a drink that was in a red cup. Juvenile 4 said that approximately 30 minutes later she felt drowsy, fatigued, and had a headache. When Juvenile 4 laid down, the Defendant had sexual intercourse with her while she pretended to be asleep. During the Defendant's police interview on February 3, 2023, the Defendant admitted to having sexual intercourse with Juvenile 4. According to the Defendant he believed that Juvenile 4 was 16 years old.

The Defendant has shown a pattern of behavior involving the sexual exploitation of minors. Although his conduct with Juvenile 3 and Juvenile 4 is uncharged in this case, the Government believes it is relevant conduct that this Court can consider.

**II.** **A Sentence of 288 Months, Followed by Lifetime Supervision is Sufficient to Achieve the Statutory Sentencing Objectives Contained in Section 3553(a)(2)**

As stated above, in fashioning a sentence, this Court will consider the statutory objectives of sentencing as enumerated in Section 3553(a)(2). Those objectives include:

the need for the sentence imposed –

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a)(2).

In the Government's view, the above requested sentence adequately satisfies the factors outlined in Section 3553(a).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court impose a sentence of 288 months, followed by lifetime supervision.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*s/ Nathan L. Chapman*
NATHAN L. CHAPMAN, #60978MO
Assistant United States Attorney
111 S. Tenth Street, Room 20.333
St. Louis, Missouri 63102
Nathan.Chapman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2024, the foregoing motion was electronically with the Clerk of the Court to be served by way of the Court's electronic filing system upon all counsel of record.

s/ *Nathan L. Chapman*
NATHAN L. CHAPMAN, #60978MO
Assistant United States Attorney